**Electronically Filed
Supreme Court
SCPW-12-0001015
24-DEC-2012
08:22 AM**

SCPW-12-0001015

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

MICHAEL C. TIERNEY, Petitioner,

vs.

BERT Y. MATSUOKA; MICHAEL A. TOWN; JOYCE MATSUMORI-HOSHIJO,
of the Hawaiʻi Paroling Authority, Respondents.

---

ORIGINAL PROCEEDING

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, and Pollack, JJ.,
and Acoba, J., dissenting)

Upon consideration of Michael C. Tierney's petition for a writ of mandamus, which was filed on November 16, 2012, and the record, it appears that petitioner fails to demonstrate a clear and indisputable right to an expedited parole hearing or to be released from custody upon the expiration of his minimum term sentence. Petitioner, therefore, is not entitled to mandamus relief. See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested

action).  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, December 24, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama



/s/ Sabrina S. McKenna

/s/ Richard W. Pollack


DISSENT BY ACOBA, J.

I believe HRS § 353H-7(a) is meaningless unless it is construed as mandatory ("the director of public safety shall . . . ").  Because HRS § 353H-7(a)(1) requires the director to return the inmate to Hawaiʻi at least one year prior to the release date and Petitioner's maximum term will expire in less than six months (May 26, 2013), I would order the director of public safety to answer the petition.

/s/ Simeon R. Acoba, Jr.